

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GARY MOTON,                                   :

                       Plaintiff,          :

           -against-                        :

CITY OF NEW YORK, CAPTAIN WILLIAMS,   :
JOHN DOES 1-2, & JANE DOES 1-2,               :

                 Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

15 Civ. 6485 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* plaintiff Gary Moton ("Plaintiff") brings this action against defendant City of New York, and individual defendants Captain Williams, John Does 1-2, Jane Does 1-2 (collectively "Defendants"). (*See* Compl., ECF No. 2.) According to Plaintiff, Defendants violated his constitutional rights during his detention at the Anna M. Kross Center ("AKMC") on Rikers Island when he and five other inmates were ordered to scrape ceiling paint containing asbestos in one of the prison's dormitory units as part of a sanitation detail on July 1, 2015. (Compl. ¶ II.D.) Plaintiff alleges that he was neither informed that the paint contained asbestos, nor provided with any protective gear such as a mask. (*Id.*) Plaintiff claims that he has experienced constant coughing, migraine headaches, and chest pain since the July 1, 2015 sanitation detail. (Compl. ¶ III.) Plaintiff further alleges that prison physicians have been unable to diagnose his condition, although he believes there "could be long term effects that won't show up now" from asbestos exposure. (*Id.*)

    On November 24, 2015, Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. to Dismiss, ECF No. 16; Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 17.) Plaintiff opposed Defendants' Motion to Dismiss on January 13,

2016. (Pl.'s Opp'n ("Opp'n"), ECF No. 21.)   Defendants filed a reply in further support of their motion to dismiss on January 27, 2016.   (Defs.' Reply ("Reply"), ECF No. 22.)

Before this Court is Magistrate Judge James Cott's April 29, 2016 Report and Recommendation ("Report," ECF No. 24), recommending that Defendants' motion to dismiss be granted, with leave for Plaintiff to amend the Complaint. (Report, at 14.)

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C).  When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (internal citations and quotation marks omitted).

Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 14-15); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  As of the date of this Order, no objection to the Report has been filed.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12–CV–6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation and quotation marks omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Sharma v. D'Silva*, No. 14-CV-6146, 2016 WL 319863, at *3 (S.D.N.Y. Jan. 25, 2016).

This Court is satisfied that the Report contains no clear error of law and adopts the Report in full.

## II. MOTON'S CONDITIONS OF CONFINEMENT CLAIM

The Report properly recommended that Plaintiff's Eighth Amendment conditions of confinement claim be dismissed for failure to state a claim. To sufficiently state a claim based upon conditions of confinement, Plaintiff must allege that: (1) he suffered an objectively serious harm, and (2) Defendants acted with "a sufficiently culpable state of mind" amounting to a "deliberate indifference" to his health or safety. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quotations omitted).

Though it is well-established that airborne asbestos particles can cause a variety of deadly maladies, courts in this Circuit regularly require a significant level of asbestos exposure to state an Eighth Amendment claim . *See LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir. 1998); *see, e.g. Johnakin v. NYC Dep't of Corr.*, No. 11-CV-4807, 2013 WL 5519998, at *17 (E.D.N.Y. Sept. 30, 2013) (acknowledging that "not just any level of exposure to hazardous materials is sufficient to give rise to an Eighth Amendment claim," but granting leave to amend where the plaintiff had not specified the degree of asbestos exposure); *Pack v. Artuz*, 348 F. Supp. 2d 63, 79-80 (S.D.N.Y. 2004) ("For exposure to airborne asbestos fibers to create a substantial risk of serious harm, however, the intensity and duration of the exposure must both be significant.") (internal citation omitted).

The Report properly found that Plaintiff failed to plead any facts showing that he suffered an objectively serious harm. (*See* Report, at 6.) Plaintiff alleges that he was made to scrape ceiling paint containing asbestos on July 1, 2015 at 9:30 a.m. (Compl. ¶¶ II.C-D.) While the total duration of Plaintiff's exposure to asbestos is unknown, it appears Plaintiff's assignment to the detail responsible for scraping the asbestos-contaminated dormitory could not have exceeded two days, as he was transferred to another facility on July 3, 2015. (Compl. ¶ IV.F(1).) Therefore, Plaintiff's allegations do not include facts sufficient to establish that the asbestos exposure caused him to suffer objectively serious harm. The Report properly recommended that this Court dismiss Plaintiff's Eighth Amendment claim.   (Report, at 14.)   This Court accepts that recommendation.

Furthermore, to establish a defendant's individual § 1983 liability, a plaintiff must plead facts alleging each defendant's personal involvement in the alleged constitutional violation. *See, e.g., Liner v. Fischer*, No. 11-CV-6711, 2013 WL 3168660, at *7 (S.D.N.Y. June 24, 2013) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) and *Iqbal*, 566 U.S. at 676), *adopted by* 2013

WL 4405539 (S.D.N.Y. Aug. 7, 2013); *see also Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). A complaint that fails to allege an individual defendant's personal involvement in the alleged constitutional violation is "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citation omitted). Plaintiff must also allege (1) exposure to conditions which pose an objectively "unreasonable risk of serious damage" to his health and safety and (2) that Defendants subjectively knew of, and disregarded, an "excessive risk to inmate health or safety." (*See* Report, at 5 (citing *Walker*, 717 F.3d at 125).)

The Report properly concludes that Plaintiff's failure to allege the individual Defendants' personal involvement in the conduct at issue is fatal to his claim. (Report, at 8-9.) Specifically, the Complaint does not allege that Williams or the Doe Defendants knew there was asbestos in the ceiling paint, and thus acted with "a sufficiently culpable state of mind" amounting to a "deliberate indifference" to Plaintiff's health and safety. (*See* Report, at 7.) Though Plaintiff claims that Williams was "in charge of [the] 6 - 2:00 sanitation [detail]" on July 1, 2015 and that workers wearing protective gear made repairs to the ceiling in question earlier that day, these facts alone do not establish that Williams was aware of facts from which she could infer the existence of asbestos or that the existence of asbestos was so obvious that Williams or the Doe Defendants must have known it was present. (*Id*; *see* Compl. ¶ I.B.) Indeed, Plaintiff fails to specify what, if any, involvement Williams had in the subject incident or even whether Williams was present on the day in question. (*See* Report, at 8 (citing Compl. ¶ I.B).) Any mention of the Doe defendants is entirely absent from the complaint. (Report, at 8.) Therefore, the Report properly concluded that the Complaint insufficiently alleges Williams' or the Doe defendants' personal involvement as required to establish individual § 1983 liability.

The Report likewise properly concluded that Plaintiff fails to allege facts sufficient to state a claim for §1983 municipal liability. A municipality may be liable for a constitutional violation under § 1983 if its official custom, policy, or practice causes the plaintiff constitutional harm. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). A plaintiff must allege facts that allow a reasonable inference that the existence of a municipal custom, policy, or practice that caused the alleged harm. "[I]n the absence of other evidence, mere proof of a single incident of errant behavior [by a subordinate employee] is an insufficient basis for finding that a municipal policy caused plaintiff's injury." *Sarus v. Rotundo*, 831 F.2d 397, 402-03 (2d Cir. 1987).

The Report properly found that the Complaint fails to state a *Monell* claim against the City of New York. Plaintiff has not alleged that the harm suffered was brought about by any municipal policy. (*See* Report, at 10.)  Additionally, Plaintiff's claim fails as a matter of law because he has failed to allege an underlying constitutional violation. *See, e.g.*, *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) (finding the district court properly declined to address a municipal defendant's liability under *Monell* where it properly found no underlying constitutional violation).

### III. LEAVE TO AMEND

The Report recommended that this Court grant Plaintiff leave to amend the Complaint. "[A] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotations and alterations omitted). The Report reasoned that this Court should grant Plaintiff leave to amend because some of the necessary factual allegations missing from the Complaint, such as who placed him on the sanitation detail and the exact length of the detail, are likely within Plaintiff's personal knowledge. (*Id.*, at 11-12.)  Plaintiff's inclusion of additional facts in his opposition brief further indicates that

at least some of the claim's defects may easily be remedied.[1]  (*Id.*)  In light of the more lenient *pro se* pleading standards and the absence of factors—including delay, bad faith, repeated failure to cure pleading defects, or undue prejudice—typically supporting the denial of an amendment, a more carefully drafted and detailed complaint could potentially survive a Rule 12(b)(6) motion. This Court accepts the Report's recommendation to grant Plaintiff leave to amend the Complaint.

## IV. CONCLUSION

Having reviewed Magistrate Judge Cott's Report and Recommendation, this Court finds no clear error in the Report and adopts it in full.  Defendants' Motion to Dismiss is GRANTED. The Complaint is DISMISSED, with leave to amend within thirty days to cure its current defects, if amendment would not be futile.

The Clerk of Court is directed to close the motions at ECF Nos. 16, 25, and 27.

Dated: New York, New York
June 24, 2016

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[1] After Magistrate Judge Cott issued the underlying Report, Plaintiff filed two motions to amend the complaint on May 13, 2016 (ECF No. 25) and June 20, 2016 (ECF No. 27).